THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL.

October 6, 1971

Honorable Wallace D. Beasley
Executive Director
Texas Commission on Law
  Enforcement Officer
  Standards and Education
503-E Sam Houston Building
Austin, Texas  78701

Opinion No. M-966

Re:  Standards of selection
     and training of Special
     Rangers.

Dear Sir:

You have inquired of this office whether certain described Special Rangers are peace officers and thereby subject to the minimum standards of selection and training established by the Texas Commission on Law Enforcement Officer Standards and Education.  I quote from your opinion request

"There are a number of duly authorized statewide organizations who have employees whose work in specialized fields closely parallels work being done by officers of the Department of Public Safety as well as sheriffs and chiefs of police.  To promote the necessary cooperation between these organizations and various law enforcement officers throughout the state, a number of such employees have been appointed Special Rangers under the provisions of Article 4413(11)(5) Vernon's Annotated Civil Statutes.

Article 4413(29aa) Vernon's Annotated Civil Statutes requires all peace officers to comply with minimum standards of selection and training as promulgated by the Texas Commission on Law Enforcement Officer Standards and Education.

An opinion is requested as to whether such described Special Rangers, when commissioned as law enforcement officers by the Department

-4724-

of Public Safety, are peace officers, as defined in Article 2.12 Texas Code of Criminal Procedure, and thereby subject to the minimum standards contained in Article 4413(29aa) Vernon's Annotated Civil Statutes."

Article 4413(11)(5) Vernon's Annotated Civil Statutes (as recently amended) provides:

"(5) Special Rangers. The Commission shall have authority to appoint as Special Rangers honorably retired commissioned officers of the Texas Department of Public Safety, and shall, in addition, have authority to appoint such number of Special Rangers as may be deemed advisable, not to exceed three hundred (300) in number; such rangers shall not have any connection with any Ranger Company or uniformed unit of the Department of Public Safety, but they shall at all times be subject to the orders of the Commission and the Governor for special duty to the same extent as the other law enforcement officers provided for in this Act; such Special Rangers, however, shall not have the authority to enforce any laws except those designed to protect life and property, and such rangers are especially denied the authority to enforce any laws regulating the use of the State highways by motor truck and motor buses and other motor vehicles. Such rangers shall not receive any compensation from the State for their services, and before the issuance of the commission each such ranger shall enter into a good and sufficient bond executed by a Surety Company authorized to do business in Texas in the sum of Twenty-five Hundred Dollars ($2,500), approved by the Director, indemnifying all persons against damages accruing as the result of any illegal or unlawful acts on the part of such Special Ranger. All Special Ranger Commissions shall expire on January 1st of the odd year after appointment, and the Director can revoke any Special Ranger Commission at any time for cause, and such officer shall be designated in the Commission as Special Ranger."

Article 2.12 Texas Code of Criminal Procedure (as amended in 1967) provides in pertinent part:

"The following are peace officers: . . . rangers and officers commissioned by the Public Safety Commission and the Director of the Department of Public Safety . . . and any private person specially appointed to execute criminal process."

The persons you have described are rangers and are therefore peace officers, even though they be full time employees of the various organizations indicated.

Article 4413(29aa)6(b), Vernon's Annotated Civil Statutes, provides in pertinent part:

"No person after September 1, 1970 shall be appointed as a peace officer . . . unless such person has satisfactorily completed a preparatory program of training in law enforcement at a school approved or operated by the Commission."

We find no authorized statutory exception to the foregoing insofar as the special rangers you have described are concerned.

It is therefore the opinion of this office that persons employed by the statewide organizations to conduct investigative work, but who are appointed special rangers, must meet the legal minimum standards of selection and training.

### S U M M A R Y

Employees of statewide organizations who have been appointed special rangers by the Public Safety Commission to promote cooperation between their offices and the various law enforcement offices throughout the state, are peace officers and must comply with established minimum standards of selection and training, as established by the Texas Commission on Law Enforcement Officer Standards and Education.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

W. Barton Boling
Bob Lattimore
Bill Craig
Ken Nordquist

SAM MCDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant